UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:14-CV-122-H

HENRY P. ALLISON                                                                                    PLAINTIFF

V.

OCWEN LOAN SERVICING, LLC                                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Henry P. Allison, has asserted a four count complaint under the Fair Debt Collection Practices Act ("FDCPA") arising from two communications: (1) a February 16, 2013, letter and (2) an April 9, 2013, letter. Defendant, Ocwen Loan Servicing, LLC, has moved to dismiss the claims arising from the first letter as barred by the statute of limitations set forth in 15 U.S.C. § 1692k(d) and those arising from the second letter because the FDCPA only applies to communications with consumers related to the collection of a debt.

I.

This case arose from Defendant's servicing Plaintiff's residential mortgage which was subject to a foreclosure in Jefferson Circuit Court. According to Plaintiff, Defendant sent a letter dated February 16 advising him of the creditor, identifying Defendant as the servicing agent and the amount of the loan. The April 9 letter corrected the name of the creditor and, according to Plaintiff, could be deemed a collection attempt. Plaintiff asserts that these letters constitute unlawful attempts to collect a debt.

II.

In deciding a motion to dismiss, the Court accepts as true those well pleaded factual allegations in the complaint. *Johnson v. U.S. Dep't of Interior*, 185 F. Supp.2d 713, 715 (W.D.

Ky. 2001). Dismissal is proper when the complaint "does not contain allegations sufficient to support a claim under any legal theory." *Id.* Even though properly alleged facts are taken as true for purposes of a motion to dismiss, courts need not "accept the plaintiffs' alleged legal conclusions or unwanted factual inferences." *Id.* And "the plaintiff is required to plead more than bare assertions of legal conclusions." *Campbell v. Lexmark Int'l, Inc.*, 234 F.Supp. 2d 680, 682 (E.D. Ky. 2002).

III.

An action to enforce the FDCPA must be brought within one year from the date of the violation. 15 U.S.C. § 1692(k)(d). The FDCPA statute of limitations begins to run when the creditor mails a collection letter. This is so because it is the date which is the last opportunity the creditor had to comply with the FDCPA. *See Mattson v. U.S. West Commc'ns, Inc.,* 967 F.2d 259, 261 (8th Cir. 1998).

Plaintiff argues that under Rule 6(a), Fed. R. Civ. P., if the last day of the period is a weekend or holiday, the period will continue until the day after the weekend or holiday. That appears to be the rule that the Sixth Circuit has adopted. *See Merriweather v. City of Memphis*, 107 F.3d 396, 398 n.2 (6th Cir. 1997).

Plaintiff alleges violations of the FDCPA arising from a letter sent on February 16, 2013, and Defendant says that the complaint was docketed on February 18, 2014. Plaintiff says that the complaint was actually filed at 5:40 p.m. on February 17. If the complaint was filed on February 17, it was timely; if filed on the 18, it would be barred. The Court has reviewed the procedures followed in this particular case. The complaint was filed on the date and time Plaintiff stated. It was docketed the following day. The docket date should have reflected the

2

February 17th filing; that has now been corrected. Thus, the complaint was timely filed.

IV.

Plaintiff alleges that Defendant's letter dated April 9, 2013, violates the FDCPA because it "did not disclose the amount of debt, the validation notice required by 15 U.S.C. § 1692g(4), or a statement that the debt collector will provide the name and address of the original creditor, if different from the current creditor." Complaint, ¶ 9. However, these FDCPA requirements apply only the communications with consumers in connection with the collection of a debt. 15 U.S.C. § 1692. The FDCPA "does not apply to every communication between a debt collector and a debtor." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 172 (6th Cir. 2011). To determine whether a letter was sent in connection with the debt, courts look at the purpose and context of the communication. *Gburek v. Litton Loan Serv'g LP*, 614 F.3d 380, 385 (7th Cir. 2010). The April 9 letter clarifies the identity of Plaintiff's current creditor. It does not seem in any way to seek collection of an actual debt.

Plaintiff points out that the letter itself states that it "is an attempt to collect a debt . . . ." However, such a statement is not determinative. Where the letter by its own terms does not seek collection, a disclaimer will not change its meaning. *See Lewis v ACB Bus. Servs.*, 135 F.3d 389, 399 (6th Cir. 1998). The Court believes that this general proposition of interpretation applies here. Therefore, the April 9 letter will not support a claim under the FDCPA.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED consistent with this Memorandum Opinion.

3

cc: Counsel of Record